**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 1 2017**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-31463 |
| | ) | |
| John Richard Blazer, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |
| | ) | |
| | ) | |

### ORDER DENYING REQUEST FOR VOLUNTARY DISMISSAL

The court held a hearing on November 30, 2017, on Debtor's motion asking for voluntary dismissal of this Chapter 7 case. [Doc. # 61]. The Chapter 7 Trustee opposes the motion. [Doc. # 67]. Debtor, who is now representing himself, did not appear at the hearing. The Chapter 7 Trustee and creditors Irene Swaim and Rachel Linette:Cook, representing themselves, appeared by telephone at the hearing.[1] Debtor, who is now representing himself after the court permitted his

---

[1] The court generally does not permit pro se parties to appear at hearings by telephone, but granted permission to these creditors in advance due to extenuating and special circumstances.

lawyer to withdraw, is presently incarcerated and thus did not appear at the hearing. Nor did any lawyer appear on his behalf.

The form of the Motion was a letter scrivened purportedly at Debtor's direction by his daughter. While the relief being requested in the letter was not entirely clear, the court construed and construes it as a motion to dismiss this case. The reasons advanced were Debtor's incarceration and stated lack of assets.

This is Debtor's second request for a voluntary dismissal of this case. While still represented by counsel, Debtor had previously filed another motion seeking voluntary dismissal. [Doc. # 35]. The reasons for dismissal advanced by Debtor in his first motion to dismiss were that he was facing a criminal conviction and likely jail time, the possibility of his not getting a discharge as a result of an adversary action commenced by the United States Trustee and that there were no assets to distribute to creditors. The court denied Debtor's first motion to dismiss. [Doc. # 50]. The only things that have changed since then are that Debtor has been convicted of a crime and incarcerated and has had his discharge denied. As the court clearly understood there was a strong possibility of these events coming to pass in denying the first request to dismiss, they are not a basis for dismissing this case now.

As to assets, the Trustee reports that he continues to pursue recovery of assets for distribution to creditors, including through potential avoidance claims. Indeed that effort has been enhanced by recent coordinating agreement with the federal authorities allowing retention by the estate of any such recoveries in lieu of turnover as restitution. Thus, any alleged lack of assets is likewise not grounds for dismissal.

Section 707(a) of the Bankruptcy Code provides that the court may dismiss a Chapter 7 case

"only for cause." 11 U.S.C. § 707(a). This provision contrasts markedly with the liberal voluntary dismissal provision applicable to Chapter 13 cases, which states that "[o]n request of the debtor at any time...the court shall dismiss a case under this chapter." 11 U.S.C. § 1307(b). In the view of most courts, including this one, a Chapter 7 debtor may not "automatically" dismiss a case on request under § 707(a). *In re MacDonald*, 73 B.R. 254, 256 (Bankr. N.D. Ohio 1987).

Courts routinely deny a debtor's request to voluntarily dismiss a Chapter 7 case where creditors have been or will be prejudiced by the dismissal. *See, e.g.*, *MacDonald*, 73 B.R. at 256; *In re Banks*, 35 B.R. 59, 60-61 (Bankr. D. Md. 1983). Courts also often deny a debtor's request to voluntarily dismiss a Chapter 7 case when property might be obtained by the Trustee that will satisfy at least part of the debtor's obligations. *See, e.g.*, *In re Klein*, 39 B.R. 530 (Bankr. E.D. N.Y. 1984) (debtor's reason for dismissal was settlement of pending lawsuit, which court rejected); *In re Blackmon*, 3 B.R. 167 (Bankr. S.D. Ohio 1980). As the court noted in *Blackmon*, a debtor who chooses to place oneself in bankruptcy may not always choose to terminate the proceedings, even if unforseen consequences arise. *Id.* at 169.

And so it is here, as the Trustee reports the potential for assets available for administration. The Trustee and his appointed counsel are investigating assets, including potential avoidance claims relating to a trust and transfer(s) to or for the benefit of Debtor's wife and avoidance actions in the nature of ponzi scheme recoveries. These sorts of recoveries would be difficult for individual creditors to pursue on their own outside the collective framework of this bankruptcy proceeding and the Bankruptcy Code.

The court agrees with the Trustee that cause for voluntary dismissal of this case has not been shown as required under 11 U.S.C. § 707(a). The court cannot find that Debtor's creditors would

3

not be prejudiced by dismissal of the case or that there are no assets for distribution. Although a factor to be considered, that a debtor may not be entitled to a discharge is not determinative in deciding whether a Chapter 7 case should be voluntarily dismissed, particularly where there are assets or even a potential for assets for distribution to creditors. Lastly, even if the Trustee concludes that there will be no assets for distribution to creditors, the court would likely be disinclined to dismiss this case and restore Debtor's right to obtain a discharge of his existing debts on down the road given the overall circumstances of this case. That, too, would prejudice creditors, particularly those who expended time and effort following and participating in this case, sought separate non-dischargeability determinations due to applicable deadlines and filed claims.

Based on the foregoing reasons and as otherwise stated on the record by the court at the hearing,

**IT IS THEREFORE ORDERED** that Debtor's motion to voluntarily dismiss the within Chapter 7 bankruptcy case [Doc. # 61] is hereby **DENIED**.

###

4